**YU | MOHANDESI** LLP

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**J. Starrett Berry** (SBN 297103)
213.375.3542 | jsberry@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Santander Consumer USA Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE OCEGUEDA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SANTANDER CONSUMER USA,<br><br>　　　　　　Defendant. | Case No. 5:21-cv-02112-JWH-SP<br><br>**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO COMPLAINT**<br><br>Hon. John W. Holcomb |

– 1 –
DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO COMPLAINT

Defendant Santander Consumer USA Inc. ("Defendant"), erroneously sued as "Santander Consumer USA," hereby answers the Pro Se 1 (rev. 12/16) Complaint for a Civil Case ("Complaint") of Plaintiff Jesse Ocegueda ("Plaintiff"), responding to the sections thereof as follows.[1]

## THE PARTIES TO THIS COMPLAINT

1.  Answering Section IA of the Complaint, Defendant admits only that Plaintiff is Jesse Ocegueda. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

2.  Answering Section IB of the Complaint, Defendant admits only that its name is "Santander Consumer USA Inc." and that Defendant has a business address at 1601 Elm St., Suite 800, Dallas, Texas. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

## BASIS FOR JURISDICTION

3.  Answering Section II of the Complaint, Defendant admits only that Plaintiff purports to allege violations of the Truth in Lending Act, codified at 15 U.S.C. § 1601, *et seq*. ("TILA") and the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692, *et seq*. ("FDCPA"). Defendant denies violating the TILA or the FDCPA.

## STATEMENT OF CLAIM

4.  Answering Section III of the Complaint, Defendant admits only that Plaintiff entered into a retail installment sale contract for the purchase of a vehicle on or about October 15, 2017, and that Defendant received a correspondence from Plaintiff on or about July 7, 2021. Defendant denies the remaining allegations.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

## RELIEF

5. Answering Section IV of the Complaint, Defendant denies that Plaintiff is entitled to the requested relief, damages or recovery, or any other relief, damages, or recovery whatsoever.

## CERTIFICATION AND CLOSING

6. Answering Section V of the Complaint, Defendant states that there are no allegations directed at Defendant that require a response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant reserves the right to compel contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendant's conduct was privileged or justified.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendant specifically denies that it acted with any willfulness, oppression, fraud, or malice towards Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims may be barred because Defendant, within 60 days of either after discovering a violation of the TILA which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred in whole or in part because, at the time this lawsuit was filed, Defendant did not purport to have a claim for money or an interest in the account at issue.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendant is entitled to a set-off against any award to Plaintiff.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO COMPLAINT

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: February 8, 2022

                                  YU MOHANDESI LLP

                                  By  */s/ Jordan S. Yu*
                                      Jordan S. Yu
                                      Attorneys for Defendant
                                      Santander Consumer USA Inc.

# CERTIFICATE OF SERVICE

I certify that on February 8, 2022, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: February 8, 2022

                                    YU MOHANDESI LLP

                                    By  */s/ Jordan S. Yu*
                                          Jordan S. Yu
                                          Attorneys for Defendant
                                          Santander Consumer USA Inc.